# EXHIBIT A

| SUMMONS | LAW DEPT | SUM-100 |
|---|---|---|
| **(CITACION JUDICIAL)** | APR 26 2018 | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

City of Santa Clara; County of Santa Clara; REC'D UPRR
National Railroad Passenger Corporation DBA
AMTRAK; Union Pacific Railroad Corporation; And DOES 1 to 10

*Lauriel Nelson (hand-delivered)*

E-FILED
3/5/2018 12:46 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV324378
Reviewed By: S. Alvarez
Envelope: 1277401

**YOU ARE BEING SUED BY PLAINTIFF:**

**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Lawrence Lo individually and as the successor in interest to the
Estate of Bridget Lo, Christopher Lo, and Laurie Lo

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):*<br>18CV324378 |
|---|---|

Superior Court of California, County of Santa Clara
191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Albert G. Stoll, Jr.
55 Francisco Street, Suite 403
San Francisco, CA 94133

Albert G. Stoll, Jr., A Law Corporation
(415) 576-1500

| DATE:   3/5/2018 12:46 PM | Clerk of Court | Clerk, by | S. Alvarez | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | Clerk of Court | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): UNION PACIFIC RAILROAD COMPANY
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | Martin Dean's<br>ESSENTIAL FORMS™ | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

Lo, Lawrence et al

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Albert G. Stoll, Jr.  164649
Albert G. Stoll, Jr., A Law Corporation
55 Francisco Street, Suite 403
San Francisco, CA 94133
TELEPHONE NO.: (415) 576-1500   FAX NO.: (415) 576-1501
ATTORNEY FOR (Name): Lawrence Lo, Christopher Lo, Laurie Lo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: Lo vs. City of Santa Clara et al

**FOR COURT USE ONLY**

E-FILED
3/5/2018 12:46 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV324378
Reviewed By: S. Alvarez
Envelope: 1277401

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CV324378 |
|---|---|---|
| [X] Unlimited [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[X] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Three
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 3, 2018

Albert G. Stoll, Jr., Esq.
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

LO, Lawrence et al

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### *What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### *Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
CIVIL DIVISION

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

*   **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

*   **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

*   **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

*   **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

*   **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
*   The parties want a non-adversary procedure
*   The parties have a continuing business or personal relationship
*   Communication problems are interfering with a resolution
*   There is an emotional element involved
*   The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
*   The parties are far apart in their view of the law or value of the case
*   The case involves a technical issue in which the evaluator has expertise
*   Case planning assistance would be helpful and would save legal fees and costs
*   The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Albert G. Stoll, Jr. SBN 164649
Walter A. Haynes IV SBN 244776
ALBERT G. STOLL, JR. | A LAW CORPORATION
55 Francisco Street, Suite 403
San Francisco, California 94133
Telephone:    (415) 576-1500
Facsimile:    (415) 576-1501

Attorney for Plaintiffs

E-FILED
3/5/2018 12:46 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV324378
Reviewed By: S. Alvarez

## SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA

## UNLIMITED JURISDICTION

LAWRENCE LO individually and as the
successor in interest to the ESTATE OF
BRIDGET LO, CHRISTOPHER LO, AND
LAURIE LO,

Plaintiff,

vs.

CITY OF SANTA CLARA; COUNTY OF
SANTA CLARA; NATIONAL RAILROAD
PASSENGER CORPORATION DBA
AMTRAK; UNION PACIFIC RAILROAD
CORPORATION; AND DOES 1 TO 10,

Defendants.

CASE NO. : 18CV324378

COMPLAINT FOR DAMAGES

Plaintiffs, Lawrence Lo individually and as the successor in interest to the ESTATE OF

BRIDGET LO, Christopher Lo and Laurie Lo allege as follows:

### THE PARTIES

1. Plaintiffs LAWRENCE LO individually and as the successor in interest to the ESTATE

COMPLAINT FOR DAMAGES

1

OF BRIDGET LO, CHRISTOPHER LO, and LAURIE LO ("Plaintiff(s))are residents of the

City of Santa Clara, Santa Clara County.  Plaintiffs are the husband, son and daughter of

BRIDGET LO, deceased.

2.  Plaintiff LAWRENCE LO is an individual and a resident of Santa Clara, California.

Plaintiffs brings this action on his own behalf, on behalf and on behalf of the ESTATE OF

BRIDGET LO as the successor in interest to the ESTATE. Plaintiff is the surviving husband of

BRIDGET LO ("Decedent").

3.  Defendant COUNTY OF SANTA CLARA is, and at all relevant times mentioned herein

was, political subdivision of the State of California, and a public entity with the responsibility

for managing and operating the traffic signals, intersection, railroad tracks and crossings,

including the railroad crossing at Agnew Rd., Santa Clara, CA 95040, the location where the

incident occurred.

4.  Defendant CITY OF SANTA CLARA is, and at all relevant times mentioned herein was,

political subdivision of the State of California, and a public entity with the responsibility for

managing and operating the  traffic signals, intersection, railroad tracks and crossings, including

the railroad crossing at Agnew Rd., Santa Clara, CA 95040, the location where the incident

occurred.

5.  Defendant NATIONAL RAILROAD PASSENGER CORPORATION, doing business as

AMTRAK, is a Federally funded corporation and at all relevant times had the responsibility for

managing the railroad tracks and crossings, including the railroad crossing at Agnew Rd., Santa

Clara, CA 95040.

COMPLAINT FOR DAMAGES

2

6.   Defendant UNION PACIFIC RAILROAD CORPORATION is a corporation, and at all relevant times mentioned herein was, the owner of the railroad tracks intersecting Agnew Rd., Santa Clara, CA 95040.

7.   The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to plaintiff at this time. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each of the defendants here designated as DOE is legally responsible for certain acts or failures to act or the events, happenings, and damages alleged in this complaint. Plaintiff is unaware of the precise actions of such fictitious DOE defendants and requests leave to amend this complaint, with appropriate charging allegations, on ascertaining the true identity and capacity of, and theory of liability against, such defendants.

## COMPLIANCE WITH TORT CLAIMS ACT

8.   On July 11, 2017, plaintiffs duly presented to defendant COUNTY OF SANTA CLARA, a written notice of claim in an amount within the jurisdiction of this court.

9.   On September 8, 2017, defendant COUNTY OF SANTA CLARA, notified plaintiffs of its rejection of plaintiffs' claim.

10. On July 10, 2017, plaintiffs duly presented to defendant CITY OF SANTA CLARA, a written notice of claim in an amount within the jurisdiction of this court.

11. On December 6, 2017, defendant CITY OF SANTA CLARA, notified plaintiffs of its rejection of plaintiffs' claim.

COMPLAINT FOR DAMAGES

3

## THE DEATH OF BRIDGET LO

12. On January 13, 2017, at about 10 am, BRIDGET LO, was driving her vehicle near her residence in Santa Clara County, California. She was driving eastbound on Agnew Rd. when she lawfully came to a stop at a red light behind another vehicle in the left turning lane at the traffic light approaching the intersection of Agnew Rd. and Lafayette St.

13. The railroad crossing at the intersection of Agnew Rd. and Lafayette St. runs north to south through Agnew Rd., parallel to Lafayette St. and approximately 40 feet west of the western prolongation of Lafayette Street.

14. When BRIDGET LO stopped at the red light approaching the traffic signal at Lafayette St. she passed the railroad crossing gates and signals when she came to a complete stop behind another vehicle in the left turning lane. Facing the intersection to the east, BRIDGET LO sees only the red traffic signal, but no train crossing warnings.

15. While waiting at the traffic light the rear end of BRIDGET LO's vehicle did not clear the railroad tracks. She was struck by an Amtrak train running southbound on the railroad tracks. The impact caused the car to spin several times, strick a pole and come to a stop on it's wheels to the east of the railroad tracks. BRIDGET LO sustained fatal injuries and was pronounced dead at the scene on January 13, 2017.

16. The intersection where BRIDGET LO sustained fatal injuries was created and or maintained in a dangerous condition including driver awareness and confusion which created a substantial risk of injury when such property was used with due care.

COMPLAINT FOR DAMAGES                                                      4

17. A negligent or wrongful act or omission of an employee of defendants acting within the scope of their employment created the dangerous condition and or each defendant had actual or constructive notice of the dangerous condition within sufficient time prior to BRIDGET LO sustaining fatal injuries to protect against the dangerous condition.

18. The condition of the intersection where BRIDGET LO sustained fatal injuries existed for such a period of time and was of such an obvious nature that each defendant, should have discovered the condition and its dangerous character prior to BRIDGET LO's fatal injuries.

## FIRST CAUSE OF ACTION - [General Negligence]

19. Plaintiff hereby refers to and incorporates by reference each and every allegation of paragraphs 1 through 18 and hereby makes them part of this First Cause of Action.

### Count One - Dangerous Condition of Public Property Against All Defendants

20. At all times mentioned in this complaint, Agnew Rd. was a public road running generally east to west. The railroad tracks are perpendicular to Agnew Rd., running generally north to south through Santa Clara County, California.

21. The above-mentioned public road, and railroad crossing was designed, constructed, maintained, supervised, operated, controlled, and paved by defendants CITY OF SANTA CLARA, its Department of Public Works, and DOES 1 through 10.

22. The above-mentioned railroad tracks, and rail road crossing guard were, negligently designed, owned and maintained by defendants UNION PACIFIC RAILROAD CORPORATION.

23. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK, was operating a passenger train traveling through Santa Clara County on the above-mentioned railroad tracks.

24. The above-mentioned railroad crossing was so negligently and carelessly designed, constructed, managed, controlled, supervised, and maintained by defendants CITY OF SANTA CLARA, COUNTY OF SANTA CLARA, NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD CORPORATION and DOES 1 through 10, that a dangerous condition existed consisting of inadequate warning signs, inadequate warning signals, poorly maintained roadway warnings amounting to a deceptive design and the creation of a trap, thus endangering the lives of persons traveling on this roadway.

25. The above-mentioned trap and or dangerous conditions endangered the safe movement of traffic at such location and was not reasonably apparent to a person exercising due care.

26. At all times mentioned in this complaint, defendants had prior notice of the dangerous condition of the design of the railroad crossing, or should have discovered the conditions and their dangerous character within a period of time sufficient to take corrective measures.

27. As a direct result of the dangerous conditions of public property of the defendants CITY OF SANTA CLARA, COUNTY OF SANTA CLARA, NATIONAL RAILROAD PASSENGER CORPORATION, UNION PACIFIC RAILROAD CORPORATION and DOES 1 through 10, and each of them, as mentioned above, the plaintiffs' decedent, BRIDGET LO, was killed.

//

**Count Two - Negligent Operation of a Passenger Train by Amtrak**

28. Plaintiff hereby refers to and incorporates by reference each and every allegation of paragraphs 1 through 27 and hereby makes them part of this First Cause of Action.

29. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK, was negligent and careless in the operation of its passenger train through the railroad crossing at Agnew Rd., Santa Clara.

30. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK, was negligent by operating the passenger train through the railroad crossing at an unsafe speed, considering the amount of traffic generated at this busy intersection, the nature of this particular crossing which is susceptible to confusion by a driver exercising due care, thereby making it impossible to stop the train to avoid a collision even if it's brakes were to be applied.

31. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK, was negligent in the operating of the passenger train by failing to properly use the train horn, or emergency horn to provide warning to a vehicle in the train's path, and in obvious imminent danger of great bodily injury or death.

**Count Three - Wrongful Death**

32. Plaintiff hereby refers to and incorporates by reference each and every allegation of paragraphs 1 through 31 and hereby makes them part of this third Cause of Action.

33. As a direct result of the conduct of defendants CITY OF SANTA CLARA, COUNTY OF SANTA CLARA, NATIONAL RAILROAD PASSENGER CORPORATION dba

COMPLAINT FOR DAMAGES                                                                 7

AMTRAK, UNION PACIFIC RAILROAD CORPORATION and DOES 1 through 10, as set forth above, plaintiffs suffered injury and damages by reason of wrongful death of their Mother and Wife. Plaintiffs have sustained damages from the loss of the society, comfort, support, and protection of their Mother and Wife, BRIDGET LO, in a sum within the jurisdiction of the above-entitled court.

34. As a further result of the negligence of the defendants, and each of them, plaintiffs incurred expenses for the reasonable costs of a funeral and burial of their Mother and Wife, BRIDGET LO (deceased).

35. The wrongful death plaintiffs have standing to assert claims for wrongful death as the result of the death of Bridget Lo pursuant to California Code of Civil Procedure section 377.60.

WHEREFORE, plaintiffs, LAWRENCE LO individually and as the successor in interest to the ESTATE OF BRIDGET LO, CHRISTOPHER, and LAURIE LO, request judgment against defendants, and each of them, jointly and singly, as follows:

1. Damages for the wrongful death (including pecuniary loss and loss of society, support, comfort and protection) of the plaintiffs' Wife and Mother, in an amount within the jurisdiction of the Santa Clara County Superior Court;

2. Funeral and burial expenses incurred and to be incurred, according to proof;

3. Costs of suit incurred in this action; and

//

COMPLAINT FOR DAMAGES                                                                          8

4.  Such other and further relief as to the court may deem just and proper.

ALBERT G. STOLL, JR. | A LAW CORPORATION

Dated: 3/2/18

_____

Albert G. Stoll, Jr., Esq.
Attorneys for Plaintiffs