Albert G. Stoll, Jr. SBN 164649
Walter A. Haynes IV SBN 244776
Noah A. Phillips SBN 306832
ALBERT G. STOLL, JR. | A LAW CORPORATION
55 Francisco Street, Suite 403
San Francisco, California 94133
Telephone:   (415) 576-1500
Facsimile:    (415) 576-1501

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LO individually and as the successor in interest to the ESTATE OF BRIDGET LO, CHRISTOPHER LO, AND LAURIE LO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA CLARA; COUNTY OF SANTA CLARA; NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK; UNION PACIFIC RAILROAD COMPANY; AND DOES 1 TO 10,<br><br>Defendants. | **CASE NO.  5:18-cv-03153-NC**<br>Santa Clara County Superior Court Case No. 18CV324378<br>Complaint Filed: March 5, 2018<br>Trial Date:  N/A<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY)**<br><br>1. **Negligence**<br>2. **Dangerous Condition of Public Property (Govt. Code §§ 830 et seq. & 835)**<br>3. **Nuisance (Civ. Code §§ 3333 & 3479)**<br>4. **Wrongful Death**<br>5. **Survival Action**<br><br>**REQUEST FOR JURY TRIAL** |

By this First Amended Complaint, Plaintiffs, Lawrence Lo individually and as the successor in interest to the ESTATE OF BRIDGET LO, Christopher Lo and Laurie Lo, ("Plaintiff(s)") allege against all defendants, and each of them, as follows:

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES – CASE NO. 5:18-CV-03153-NC

1

## JURISDICTION AND VENUE

This State tort personal injury action was originally filed in the California Superior Court in Santa Clara County, but thereafter was removed to Federal Court by Defendant the NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK, pursuant to 28 U.S.C. § 1349, which gives the District Court jurisdiction over a civil action against NATIONAL RAILROAD PASSENGER CORPORATION because the United States is the owner of more than one-half of its capital stock. Plaintiffs will not file a Motion to Remand in this case. Venue is appropriate in this Court because the action was removed from the California Superior Court in Santa Clara County. 28 U.S.C. § 1446(a).

## THE PARTIES

1. Plaintiffs LAWRENCE LO individually and as the successor in interest to the ESTATE OF BRIDGET LO, is a resident of the City of Santa Clara, Santa Clara County, CHRISTOPHER LO is a resident of the County of San Francisco, and LAURIE LO ("Plaintiff(s)") is a resident of Los Angeles County. Plaintiffs are the husband, son and daughter of BRIDGET LO, deceased.

2. Plaintiff LAWRENCE LO is an individual and a resident of Santa Clara, California. Plaintiffs brings this action on his own behalf, and on behalf of the ESTATE OF BRIDGET LO ("ESTATE") as the successor in interest to the ESTATE. Plaintiff LAURENCE LO is the surviving husband of BRIDGET LO ("Decedent").

3. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendant COUNTY OF SANTA CLARA is, and at all relevant times mentioned herein was, a political subdivision of the State of California, and a public entity with the responsibility for managing and operating the traffic signals, intersection, railroad tracks and crossings, including the railroad crossing at Agnew Rd., Santa Clara, CA 95040, the location where the incident alleged in this First Amended Complaint occurred.

4. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendant CITY OF SANTA CLARA is, and at all relevant times mentioned herein was, political subdivision of the State of California, and a public entity with the responsibility for managing and operating the traffic signals, intersection, railroad tracks and crossings, including the railroad crossing at Agnew Rd., Santa Clara, CA 95040, the location where the incident

FIRST AMENDED COMPLAINT FOR DAMAGES – CASE NO. 5:18-CV-03153-NC

2

occurred.

5.  Defendant NATIONAL RAILROAD PASSENGER CORPORATION, doing business as AMTRAK, is a Federally funded corporation and at all relevant times had the responsibility for managing the railroad tracks and crossings, including the railroad crossing at Agnew Rd., Santa Clara, CA 95040 (the "Crossing").

6.  Defendant UNION PACIFIC RAILROAD COMPANY is a corporation doing business in the State of California, and at all relevant times mentioned herein was, the owner of the railroad tracks ("Tracks") intersecting Agnew Rd., Santa Clara, CA 95040.

7.  The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to plaintiff at this time. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each of the defendants here designated as DOE is legally responsible for certain acts or failures to act or the events, happenings, and damages alleged in this complaint. Plaintiff is unaware of the precise actions of such fictitious DOE defendants and requests leave to amend this complaint, with appropriate charging allegations, on ascertaining the true identity and capacity of, and theory of liability against, such defendants.

8.  Plaintiffs are informed and believe and on that basis allege that, at all times herein alleged, each of the Defendants named in this Complaint and each of the Doe Defendants were the agents, employees, partners, co-venturers and/or co-conspirators of each of the remaining Defendants, and, in doing the things alleged herein, were acting within the course and scope of such agency, employment, partnership, venture and/or conspiracy, each with the requisite permission, consent and/or ratification of Defendants.

**COMPLIANCE WITH TORT CLAIMS ACT**

9.  On July 11, 2017, plaintiffs duly presented to defendant COUNTY OF SANTA CLARA, a written notice of claim in an amount within the jurisdiction of this court.

10. On September 8, 2017, defendant COUNTY OF SANTA CLARA, notified plaintiffs of its rejection of plaintiffs' claim.

11. On July 10, 2017, plaintiffs duly presented to defendant CITY OF SANTA CLARA, a written notice of claim in an amount within the jurisdiction of this court.

12. On December 6, 2017, defendant CITY OF SANTA CLARA, notified plaintiffs of its rejection of plaintiffs' claim.

### THE DEATH OF BRIDGET LO

13. On January 13, 2017, at about 10 am, BRIDGET LO, was driving her vehicle near her residence in Santa Clara County, California. She was driving eastbound on Agnew Rd. when she lawfully came to a stop at a red light behind another vehicle in the left turning lane at the traffic light approaching the intersection of Agnew Rd. and Lafayette St.

14. The railroad crossing at the intersection of Agnew Rd. and Lafayette St. runs north to south through Agnew Rd., parallel to Lafayette St. and approximately 40 feet west of the western prolongation of Lafayette Street ("Crossing").

15. When BRIDGET LO stopped at the red light approaching the traffic signal at Lafayette St., she passed the railroad tracks ("Tracks"), railroad crossing gates and signals ("Crossing") when she came to a complete stop behind another vehicle in the left turning lane ("Subject Area"). Facing the intersection to the east, BRIDGET LO sees only the red traffic signal, but no train crossing warnings.

16. While waiting at the traffic light the rear end of BRIDGET LO's vehicle did not clear the railroad tracks. She was struck by an Amtrak train (the "Train") running southbound on the railroad tracks. The impact caused the car to spin several times, strike a pole and come to a stop on it's wheels to the east of the railroad tracks. Paramedics arrived to the scene and attended BRIDGET LO. BRIDGET LO did not die instantly due to the impact of the Train, but sustained injuries from the impact that eventually caused her death; she died on January 13, 2017.

17. The intersection where BRIDGET LO sustained fatal injuries was created and or maintained in a dangerous condition including driver awareness and confusion which created a substantial risk of injury when such property was used with due care.

18. A negligent or wrongful act or omission of an employee of defendants acting within the scope of their employment created the dangerous condition and or each defendant had actual or constructive notice of the dangerous condition within sufficient time prior to BRIDGET LO sustaining fatal injuries to protect against the dangerous condition.

19. The condition of the intersection where BRIDGET LO sustained fatal injuries existed for

such a period of time and was of such an obvious nature that each defendant, should have discovered the condition and its dangerous character prior to BRIDGET LO's fatal injuries.

### FIRST CAUSE OF ACTION
### NEGLIGENCE/DANGEROUS CONDITION
(By Plaintiffs Against Defendant UNION PACIFIC RAILROAD COMPANY, including Does 1 through 10)

20. Plaintiffs hereby refer to and incorporate by reference each and every allegation of paragraphs 1 through 19 and hereby make them part of this First Cause of Action.

21. Defendant UNION PACIFIC RAILROAD COMPANY, at all times relevant, owned, occupied, used and/or controlled the Track, Crossing and all or portion of the Subject Area. Defendant UNION PACIFIC RAILROAD COMPANY had a duty to ensure that the Track, Crossing and the Subject Area were safe, were not hazardous, and were designed, constructed, and maintained so as to avoid or greatly diminish the likelihood of individuals being injured while in near proximity to the Crossing and the trains traveling down the UNION PACIFIC RAILROAD COMPANY track.

22. Defendant UNION PACIFIC RAILROAD COMPANY negligently breached its duty to ensure that the UNION PACIFIC RAILROAD COMPANY Track, the Crossing and the Subject Area were safe, were not hazardous, and were designed, constructed, and maintained so as to avoid or greatly diminish the likelihood of individuals being injured, by failing to:

   a. Install active warning devices at the Crossing, such as gates, horns, whistles or flashing lights;
   b. Require and instruct train crews, when approaching the Crossing due to the high volume of traffic using the Crossing, to be mindful of vehicles stopped on the tracks.
   c. Have security personnel on hand to ensure that drivers did not stop their vehicles inadvertently on the tracks while waiting at a red light due to lack of signage and warnings that created a trap for drivers.
   d. Notify Defendant NATIONAL RAILROAD PASSENGER CORPORATION of a hazardous Crossing;
   e. Notify Defendant NATIONAL RAILROAD PASSENGER CORPORATION of any

FIRST AMENDED COMPLAINT FOR DAMAGES – CASE NO. 5:18-CV-03153-NC

5

dangerous conditions it knew of should have known to the Track, Crossing or Subject Area;

    f.   Issue slow orders to Defendant NATIONAL RAILROAD PASSENGER CORPORATION trains using the UNION PACIFIC RAILROAD COMPANY Track at the Crossing;

    g.   Ensure that the UNION PACIFIC RAILROAD COMPANY Track, the Crossing and the Subject Area were safe, were not hazardous, and were designed, constructed, and maintained so as to avoid or greatly diminish the likelihood of individuals being injured and killed, by trains traveling over the Crossing.

23. Plaintiffs further allege that at all relevant times herein, the Track, Crossing and Subject Area were in a dangerous condition that created a substantial risk of the type of injury that Decedent suffered when it was being used in a manner that was reasonably foreseeable.

24. The dangerous condition included, but is not limited to, faulty and negligent plan, design, construction, repair, installation, operation and/or maintenance of the Track, Crossing and Subject Area and adjoining property, by failing to plan, design, construct, repair, install and/or maintain the Track, Crossing and Subject Area with sufficient gates, restrictive measures, lighting, pedestrian signage, and warning signage alerting the public, including drivers, pedestrians, and Decedent of the dangerous condition.

25. Plaintiffs are informed and believe, and based thereon allege, Defendant UNION PACIFIC RAILROAD COMPANY had the legal authority and obligation to construct and maintain the crossing and right-of-way in a safe and reasonable manner.

26. Plaintiffs are informed and believe, and based thereon allege, Defendant UNION PACIFIC RAILROAD COMPANY were required to maintain adequate warning devices at the crossing to warn motorists and pedestrians of an oncoming train.

27. Plaintiffs are informed and believe, and based thereon allege, Defendant UNION PACIFIC RAILROAD COMPANY failed to provide proper audible warnings at the Crossing.

28. Defendant UNION PACIFIC RAILROAD COMPANY had a duty to notify Defendant NATIONAL RAILROAD PASSENGER CORPORATION of any dangerous or hazardous conditions on the Track, Crossing, or the Subject Area to avoid or diminish the likelihood of

individuals being injured while in the proximity of or on the Crossing and trains traveling on the Track.

29. Plaintiffs further allege that Defendant UNION PACIFIC RAILROAD COMPANY had actual or constructive notice of the dangerous conditions of the UNION PACIFIC RAILROAD COMPANY Track and Crossing, including knowledge that other vehicles had been struck by trains using the UNION PACIFIC RAILROAD COMPANY Track and Crossing which presented the significant potential for injuries to those nearby.

30. Plaintiffs are informed and believe, and based thereon allege, Defendant UNION PACIFIC RAILROAD COMPANY breached its duty of care it owed to Decedent to exercise ordinary or reasonable care in the design, use, control, maintenance, inspection and management of the Track, Crossing and Subject Area, as herein alleged, in that it carelessly and negligently designed, controlled, used, inspected, maintained, and/or managed the Track, Crossing and Subject Area to allow a dangerous condition to exist, causing Decedent's death.

31. Plaintiffs are informed and believe, and based thereon allege, that the dangerous condition was the result of negligence and/or wrongful acts and/or omissions by Defendant UNION PACIFIC RAILROAD COMPANY. Plaintiffs are informed and believe, and based thereon allege, that Defendant UNION PACIFIC RAILROAD COMPANY had actual and/or constructive knowledge of the dangerous condition in sufficient time prior to the Subject Incident to have taken measures to protect against the dangerous condition and prevent the death which occurred herein.

32. The dangerous condition was a substantial factor in causing Decedent's death.

33. The negligence of Defendant UNION PACIFIC RAILROAD COMPANY was a substantial factor in causing Decedent's death.

34. As a direct and proximate result of one or more of these aforesaid negligent acts or omissions by Defendant UNION PACIFIC RAILROAD COMPANY, Decedent's vehicle was struck by a train at the Crossing causing her death.

35. As a direct and proximate cause of the negligence and dangerous condition as set forth herein, Plaintiffs have incurred burial, and transportation expenses, in an amount to be determined according to proof.

36. As a direct and proximate cause of the negligence and dangerous condition as set forth herein, Plaintiffs have been deprived of Decedent's love, comfort, society, protection, services and support, thereby proximately causing Plaintiffs' general damages in an amount to be determined according to proof.

### SECOND CAUSE OF ACTION
### NEGLIGENCE/DANGEROUS CONDITION
(By Plaintiffs Against Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, including Does 1 through 10)

37. Plaintiffs hereby refer to and incorporate by reference each and every allegation of paragraphs 1 through 36 and hereby make them part of this Second Cause of Action.

38. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, at all times relevant, owned and/or operated the Train which struck Decedent. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, at all relevant times, leased, used and/or controlled the Track, Crossing and all or a portion of the Subject Area.

39. Defendant NATIONAL RAILROAD PASSENGER CORPORATION has a duty to operate its trains in a safe manner which includes operating at a safe speed and issuing warnings at the Crossing.

40. Defendant NATIONAL RAILROAD PASSENGER CORPORATION had a duty to notify Defendant UNION PACIFIC RAILROAD COMPANY of any dangerous or hazardous conditions on the Track, Crossing, or the Subject Area to avoid or diminish the likelihood of individuals being injured while in the proximity of or on the Crossing and trains traveling on the Track.

41. Defendant NATIONAL RAILROAD PASSENGER CORPORATION has a duty to issue slow orders of its trains when it knew or should have known of a hazardous or dangerous condition.

42. Defendant NATIONAL RAILROAD PASSENGER CORPORATION had a duty to ensure that the UNION PACIFIC RAILROAD COMPANY Track, Crossing and the Subject Area were safe, were not hazardous, and were designed, constructed, and maintained so as to avoid or greatly diminish the likelihood of individuals being injured while at the Crossing or in near proximity of the Crossing and the trains travelling down the UNION PACIFIC RAILROAD COMPANY Track.

43. Defendant NATIONAL RAILROAD PASSENGER CORPORATION negligently breached its duty by failing to:

a. Warn Decedent of the oncoming train;
b. Notify UNION PACIFIC RAILROAD COMPANY of a hazardous Crossing;
c. Notify UNION PACIFIC RAILROAD COMPANY of any dangerous conditions it knew of should have known to the Track, Crossing or Subject Area;;
d. Issue slow orders to its trains using the UNION PACIFIC RAILROAD COMPANY Track at the Crossing;
e. Ensure that the UNION PACIFIC RAILROAD COMPANY Track, the Crossing and the Subject Area were safe, were not hazardous, and were designed, constructed, and maintained so as to avoid or greatly diminish the likelihood of individuals being injured and killed, by trains traveling over the Crossing.

44. Further, at all times relevant, Defendant NATIONAL RAILROAD PASSENGER CORPORATION had a duty to exercise reasonable care in driving, operating and controlling the Train. Such reasonable care in operating the Train includes reducing the Train speed when approaching the Crossing, looking out for other vehicles, activating the Train horn, and braking the Train when necessary to avoid or reduce the impact of collisions with vehicles, such as Decedent's vehicle.

45. Defendant NATIONAL RAILROAD PASSENGER CORPORATION breached its duty to exercise reasonable care in the operation of the Train as evidenced by NATIONAL RAILROAD PASSENGER CORPORATION's employee, ERIC R. PARKINSON, while in the scope and course of his employment to operate the Train at issue for Defendant NATIONAL RAILROAD PASSENGER CORPORATION, failed to slow down when approaching the Crossing, failed to timely observe Decedent's vehicle on the UNION PACIFIC RAILROAD COMPANY Track at the Crossing and/or failed to activate the brakes on the Train in a timely manner, failed to maintain a proper lookout, failed to provide a proper audible warning, operated the train at an excessive and high rate of speed unsafe for local then existing conditions, violated federal railroad safety regulations regarding proper audible warning and/or failed to slow or stop when confronted with a specific, individual hazard at the Crossing.

46. Plaintiffs are informed and believe, and based thereon allege, Defendant NATIONAL RAILROAD PASSENGER CORPORATION breached its duty of care it owed to Decedent to exercise ordinary or reasonable care in the design, use, control, maintenance, inspection and management of the Track, Crossing and Subject Area, as herein alleged, in that it carelessly and negligently designed, controlled, used, inspected, maintained, and/or managed the Track, Crossing and Subject Area to allow a dangerous condition to exist, causing Decedent's death.

47. Plaintiffs are informed and believe, and based thereon allege, that Defendant NATIONAL RAILROAD PASSENGER CORPORATION was negligent in hiring, training, and providing proper instruction to employees.

48. Defendant NATIONAL RAILROAD PASSENGER CORPORATION was negligent and careless in the operation of its passenger train through the railroad crossing at Agnew Rd., Santa Clara.

49. Defendant NATIONAL RAILROAD PASSENGER CORPORATION was negligent by operating the passenger train through the railroad crossing at an unsafe speed, considering the amount of traffic generated at this busy intersection, the nature of this particular crossing which is susceptible to confusion by a driver exercising due care, thereby making it impossible to stop the train to avoid a collision even if it's brakes were to be applied.

50. Defendant NATIONAL RAILROAD PASSENGER CORPORATION was negligent in the operating of the passenger train by failing to properly use the train horn, or emergency horn to provide warning to a vehicle in the train's path, and in obvious imminent danger of great bodily injury or death.

51. Plaintiffs further allege that at all relevant times herein, the Track, Crossing and Subject Area were in a dangerous condition that created a substantial risk of the type of injury that Decedent suffered when it was being used in a manner that was reasonably foreseeable.

52. The dangerous condition included, but is not limited to, faulty and negligent plan, design, construction, repair, installation, operation and/or maintenance of the Track, Crossing and Subject Area and adjoining property, by failing to plan, design, construct, repair, install and/or maintain the Track, Crossing and Subject Area with sufficient gates, restrictive measures, lighting, pedestrian signage, and warning signage alerting the public, including drivers, pedestrians, and

Decedent of the dangerous condition.

53. Plaintiffs further allege that Defendant NATIONAL RAILROAD PASSENGER CORPORATION had actual or constructive notice of the dangerous conditions of the UNION PACIFIC RAILROAD COMPANY Track and Crossing, including knowledge that other vehicles had been struck by trains using the UNION PACIFIC RAILROAD COMPANY Track and Crossing which presented the significant potential for injuries to those nearby.

54. As a direct and proximate result of one or more of these aforesaid negligent acts or omissions, Decedent was struck by the NATIONAL RAILROAD PASSENGER CORPORATION train which caused her death.

### THIRD CAUSE OF ACTION
### DANGEROUS CONDITION OF PUBLIC PROPERTY
### (Govt. Code §§ 830 et seq., namely, Govt. Code § 835)
(By Plaintiffs Against Defendants CITY OF SANTA CLARA and its Department of Public Works, and COUNTY OF SANTA CLARA, including Does 1 through 10)

55. Plaintiffs hereby refer to and incorporate by reference each and every allegation of paragraphs 1 through 54 and hereby make them part of this Third Cause of Action.

56. At all times mentioned in this complaint, Agnew Rd. was a public road running generally east to west. The railroad tracks are perpendicular to Agnew Rd., running generally north to south through Santa Clara County, California.

57. The above-mentioned public road, and railroad crossing was designed, constructed, maintained, supervised, operated, controlled, and paved by defendants CITY OF SANTA CLARA, its Department of Public Works, and DOES 1 through 10.

58. Defendants CITY OF SANTA CLARA and COUNTY OF SANTA CLARA, and DOES 1 to 10, (hereinafter collectively "Defendant PUBLIC ENTITIES"), and each of them, at all times relevant, either owned, occupied, used and/or controlled the UNION PACIFIC RAILROAD COMPANY Track, Crossing, Agnew Rd. and all or a portion of the Subject Area. Defendants PUBLIC ENTITIES, and each of them, had a duty to ensure that the UNION PACIFIC RAILROAD COMPANY Track, Crossing, Agnew Rd. and the Subject Area were safe, were not hazardous, and were designed, constructed, reconstructed, modified, and/or maintained so as to avoid or diminish the likelihood of individuals and vehicle drivers from being injured or killed while on the Tracks or in close proximity to the unprotected Crossing, the Tracks and trains

travelling down the UNION PACIFIC RAILROAD COMPANY Track.

59. Plaintiffs allege that, at all times relevant to this action, Defendants PUBLIC ENTITIES were governmental entities responsible for the planning, design, construction, supervision, ownership, leasing, installation, inspection, operation, evaluation, overseeing, repair and/or maintenance of the UNION PACIFIC RAILROAD COMPANY Track, Crossing, Agnew Rd. and all or a portion of the Subject Area where Decedent's vehicle has struck by the Train (hereafter collectively referred to the "Accident Site").

60. At all times relevant to this action, Defendants PUBLIC ENTITIES, and their agents and employees, negligently acted or failed to act when planning, designing, constructing, supervising, owning, leasing, installing, inspecting, operating, evaluating, overseeing, repairing and/or maintaining the Accident Site, creating a dangerous condition.

61. Defendants PUBLIC ENTITIES negligence when planning, designing, constructing, supervising, owning, leasing, installing, inspecting, operating, evaluating, overseeing, repairing and/or maintaining the Accident Site included, but is not limited to: the negligent and careless maintenance, design, construction, management, repair, inspection, illumination, fencing, railing, crosswalks, markings, warnings, or signage at the Accident Site, or that the Accident Site had no or insufficient warnings, warning signs and/or illumination or flashing lights and other signals alerting the public, including drivers, pedestrians, and Decedent of the dangerous condition.

62. Defendants PUBLIC ENTITIES negligence when planning, designing, constructing, supervising, owning, leasing, installing, inspecting, operating, evaluating, overseeing, repairing and/or maintaining the Accident Site included, but is not limited to: failing to plan, design, construct, install, repair and/or maintain the Accident Site, and thereby creating a dangerous condition.

63. Defendants PUBLIC ENTITIES, and each of them, negligently breached their respective duties to ensure that the UNION PACIFIC RAILROAD COMPANY Track, the Crossing and the Subject Area, i.e., the Accident Site, were not in a dangerous condition, including Defendants PUBLIC ENTITIES' negligent failure to:

a. Require installation of active warning devices on the Accident Site, such as automated gates or flashing lights to warn of the Crossing sufficient to prevent the creation of a trap;

b. Publish and warn train crews and railroads that, when approaching the Crossing due to the high volume of traffic using the Crossing, to be mindful of vehicles stopped on the tracks at a red light, of the lack of active warning devices at the Crossing, and the history of train collisions with vehicles at the Crossing;

c. Have security personnel on hand to ensure that drivers did not stop their vehicles inadvertently on the tracks while waiting at a red light;

d. Install a signal, sign, marking or device (other than one described in Govt. Code Section 830.4) that was necessary to warn of the dangerous condition which endangered the safe movement of traffic at the Accident Cite and Crossing, and which would not be reasonably apparent to, and would have been anticipated by, a person exercising due care such as Decedent.

64. The negligence and omissions of Defendants PUBLIC ENTITIES, and each of them, caused a dangerous condition that created a substantial and foreseeable risk of the type of injury herein alleged, when the combination of the Track, Crossing, Subject Area were used with due care, and in a manner in which it was foreseeable that they would be used.

65. Plaintiffs allege pursuant to Government Code Sections 835.2 and 840.4 that Defendant PUBLIC ENTITIES and their employees had actual notice of the dangerous condition of the Accident Site. In fact, upon information and belief, other members of the public have been struck at the same crossing prior to the Decedent. Defendants PUBLIC ENTITIES and their employees had sufficient time prior to Decedent's untimely death to have taken measures to protect against the dangerous condition. In the alternative, Plaintiffs allege that Defendants PUBLIC ENTITIES and their employees had constructive notice of the dangerous condition a sufficient time prior to Decedent's untimely death to have taken measures to protect against the dangerous condition.

66. Plaintiffs further allege that the dangerous condition of the Accident Site was such that it was in a dangerous condition at the time of Decedent's death, and that such injury was proximately caused by the dangerous condition and that such dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred by Decedent and that Defendant PUBLIC ENTITIES and their employees had actual or constructive notice of the dangerous condition sufficient time prior to the death to have taken measures to protect against

the dangerous condition.

67. The above-mentioned railroad crossing was so negligently and carelessly designed, constructed, managed, controlled, supervised, and maintained by defendants PUBLIC ENTITIES that a dangerous condition existed consisting of inadequate warning signs, inadequate warning signals, poorly maintained roadway warnings amounting to a deceptive design and the creation of a trap, thus endangering the lives of persons traveling on this roadway.

68. The above-mentioned trap and or dangerous conditions endangered the safe movement of traffic at such location and was not reasonably apparent to a person exercising due care.

69. At all times mentioned in this complaint, defendants had prior notice of the dangerous condition of the design of the railroad crossing, or should have discovered the conditions and their dangerous character within a period of time sufficient to take corrective measures.

70. Plaintiffs further allege that the "dangerous condition" of the Accident Site and Crossing, the subject of this action, means that it was in such a condition that it created a substantial risk of injury when the Accident Site was used with due care and in a reasonably foreseeable manner within the meaning of Government Code Sections 830, 835, and 840.2

71. Defendants PUBLIC ENTITIES further breached their duties of care owed to Decedent and other persons in that the Track and Crossing where the Accident Site is located was dangerously designed, constructed, signed, marked, positioned, maintained, repaired, and/or controlled. The foregoing condition was due to the negligence and/or carelessness and/or violation of Defendants PUBLIC ENTITIES and their employees' statutory duties (including Government Code Section 835); moreover, such conditions created and constituted a dangerous condition of public property within the meaning of the Government Code, and Appellate decisions relating thereto.

72. As a direct and proximate result of the dangerous conditions of public property of the defendants PUBLIC ENTITIES, and DOES 1 through 10, and each of them, as mentioned above, the plaintiffs' decedent, BRIDGET LO, was killed.

**FOURTH CAUSE OF ACTION**
**NUISANCE**
**(Civil Code §§ 3333 & 3479)**
(By Plaintiffs Against All Defendants: CITY OF SANTA CLARA and its Department of Public Works, COUNTY OF SANTA CLARA, UNION PACIFIC RAILROAD COMPANY,

NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, including Does 1 through 10)

73. Plaintiff hereby refers to and incorporates by reference each and every allegation of paragraphs 1 through 72 and hereby makes them part of this Fourth Cause of Action.

74. Defendants CITY OF SANTA CLARA, COUNTY OF SANTA CLARA, UNION PACIFIC RAILROAD COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, and each of them, at all times relevant, owned, occupied, used and/or controlled the UNION PACIFIC RAILROAD COMPANY Track, the Crossing, and all of a portion of the Subject Area, which created a dangerous condition of property in such a manner as to constitute a continuing public nuisance injurious to the health of individuals and vehicle drivers who, partly drove across or through the Crossing and stopped at the traffic lights of Lafayette Street and Agnew Rd. and who while exercising due care inadvertently stopped their cars on the UNION PACIFIC RAILROAD COMPANY Track, so as to interfere with their comfortable enjoyment of life or property.

75. The public nuisance was especially injurious to Decedent when, as a legal and proximate result of the aforesaid negligent acts and omissions, she was struck by a NATIONAL RAILROAD PASSENGER CORPORATION train as afore described, thereby causing her to suffer severe injuries which caused her death.

### FIFTH CAUSE OF ACTION
### WRONGFUL DEATH
(By Plaintiffs Against All Defendants: CITY OF SANTA CLARA and its Department of Public Works, COUNTY OF SANTA CLARA, UNION PACIFIC RAILROAD COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, including Does 1 through 10)

76. Plaintiff hereby refers to and incorporates by reference each and every allegation of paragraphs 1 through 75 and hereby makes them part of this Fifth Cause of Action.

77. As a direct result of the conduct of Defendants CITY OF SANTA CLARA, COUNTY OF SANTA CLARA, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, UNION PACIFIC RAILROAD COMPANY and DOES 1 through 10, as set forth above, plaintiffs suffered injury and damages by reason of wrongful death of their Mother and Wife. Plaintiffs have sustained damages from the loss of the society, comfort, support, and protection of

their Mother and Wife, BRIDGET LO, in a sum within the jurisdiction of the above-entitled court.

78. As a further direct and legal result of the negligence of all Defendants, and each of them, plaintiffs incurred expenses for the reasonable costs of a funeral and burial of their Mother and Wife, BRIDGET LO (deceased).

79. The wrongful death plaintiffs have standing to assert claims for wrongful death as the result of the death of Bridget Lo pursuant to California Code of Civil Procedure section 377.60.

## SIXTH CAUSE OF ACTION
## SURVIVAL ACTION
(By Plaintiff LAWRENCE LO Against All Defendants: CITY OF SANTA CLARA and its Department of Public Works, COUNTY OF SANTA CLARA, UNION PACIFIC RAILROAD COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, including Does 1 through 10)

80. Plaintiff hereby refers to and incorporates by reference each and every allegation of paragraphs 1 through 79 and hereby makes them part of this Sixth Cause of Action.

81. Plaintiff LAWRENCE LO brings and maintains this cause of action on behalf of Decedent and her estate as Successor in Interest. As such, pursuant to CCP §377.34, Plaintiff LAWRENCE LO, as personal representative of Decedent's estate, seeks to recover all damages that Decedent sustained or incurred before death.

82. On January 13, 2017, and for a measurable period of time before the death of Decedent, the personal property of Decedent, including her automobile, clothing and other personal items were damaged and destroyed. During this same time, Decedent also incurred medical expenses for emergency medical assessment, treatment and transport. Plaintiff LAWRENCE LO as Successor in Interest of Decedent's estate has a valid claim and causes of action to recover damages for these items.

83. As a direct and proximate result of the negligence as set forth herein, Plaintiff LAWRENCE LO as Successor in Interest of Decedent's estate seeks to recover economic damages related to the personal property destroyed in the Subject Incident, and all other related expenses, damages, and losses permitted by CCP §377.34, including but not limited to punitive and exemplary damages.

## PUNITIVE DAMAGES

84. Plaintiffs incorporate herein by reference all paragraphs 1 through 83 hereinabove as if fully set forth in detail below.

85. Plaintiff LAWRENCE LO, as Successor in Interest of Decedent's estate, is entitled to seek exemplary or punitive damages against Defendants UNION PACIFIC RAILROAD COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, including Does 1 through 10, pursuant to CCP §377.34.

86. At all times herein mentioned, Defendant UNION PACIFIC RAILROAD COMPANY owned, leased, controlled, and/or operated the Railroad.

87. At all times herein mentioned, Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK owned and operated the Train that struck the Decedent's vehicle.

88. At all times herein mentioned, the Train of Defendant NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK was driven and operated by its employee(s), namely, ERIC R. PARKINSON, who were acting within the course and scope of their employment as the conductor(s) of the train.

89. Defendants UNION PACIFIC RAILROAD COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, and the conductor(s) of the train, ERIC R. PARKINSON, negligently, recklessly, and with conscious disregard for the welfare and safety of others refused to take measures to protect against the dangerous condition and prevent the death that occurred herein despite having had actual and/or constructive notice of the dangerous condition.

90. Due to Defendants' conscious disregard of the rights and safety of Decedent, Plaintiff LAWRENCE LO, as Successor in Interest of Decedent's estate, requests the assessment of punitive damages against Defendants UNION PACIFIC RAILROAD COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK, including Does 1 through 10, in an amount appropriate to punish or set an example of them.

## DEMAND FOR JURY TRIAL

91. Plaintiffs hereby demand a trial by jury on all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, LAWRENCE LO individually and as the successor in interest to the ESTATE OF BRIDGET LO, CHRISTOPHER LO, and LAURIE LO, request judgment against defendants, and each of them, jointly and singly, as follows:

1. General damages for the wrongful death of the plaintiffs' Wife and Mother, to compensate for the Plaintiffs' pecuniary loss and loss of society, support, comfort and protection, services, and financial support of Decedent, in a sum according to proof;

2. For all special damages including for funeral, burial and other out-of-pocket expenses incurred and to be incurred, according to proof;

3. All available economic damages for Plaintiff's loss of financial support resulting from Decedent's wrongful death;

4. For loss of personal property;

5. For exemplary and punitive damages pursuant to CCP §§ 3294 et seq. and 377.34 as to Defendants UNION PACIFIC RAILROAD COMPANY and NATIONAL RAILROAD PASSENGER CORPORATION dba AMTRAK;

6. For pre-judgment interest at the legal rate according to proof;

7. Costs of suit incurred in this action; and

8. Such other and further relief as to the court may deem just and proper.


ALBERT G. STOLL, JR. | A LAW CORPORATION

Dated: June 15, 2018 _____/S/_____
Albert G. Stoll, Jr., Esq.
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES – CASE NO. 5:18-CV-03153-NC
18

## CERTIFICATE OF SERVICE

I, Myrna Bruno, am a citizen of the United States, employed in the County of San Francisco, over the age of 18 years, and not a party to this action. My business address is the office of Albert G. Stoll, Jr., A Law Corporation, 55 Francisco Street, Suite 403, San Francisco, California, 94133. On the date of execution of this certificate, I served the following document(s) via ECF and Regular Mail:

**FIRST AMENDED COMPLAINT FOR DAMAGES (PERSONAL INJURY)**

**Attorneys for Defendant**
**City of Santa Clara**
David J. Stock, Esq.
Rankin | Stock | Heaberlin | Oneal
96 North Third Street, Suite 500
San Jose, CA 95112-7709
Telephone: (408) 293-0463
Facsimile: (408) 293-9514
Email: david@rankinstock.com

**Attorneys for Defendants**
**National Railroad Passenger Corporation dba**
**AMTRAK and Union Pacific Railroad Company**
Jacob D. Flesher, Esq.
Jeremy J. Schroeder, Esq.
Jason W. Schaff, Esq.
Flesher, Schaff & Schroeder, Inc.
2202 Plaza Drive
Rocklin, CA 95765
Telephone: (916) 672-6558
Facsimile: (916) 672-6602

**Attorneys for Defendant**
**County of Santa Clara**
David Rollo
70 West Hedding Street, 9th Floor
San Jose, CA 95110
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

I certify under penalty of perjury that the above is true and correct.

DATED: June 15, 2018 _____
Myrna Bruno

FIRST AMENDED COMPLAINT FOR DAMAGES – CASE NO. 5:18-CV-03153-NC